Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Carolyn M. Aguilar, Esq. (SBN: 289550)
caguilar@ohhlegal.com
**ORBACH HUFF & HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA 94588
Telephone: (510) 999-7908
Facsimile: (510) 999-7918

Attorneys for Defendants
CITY OF RICHMOND and OFFICER NICHOLAS REMICK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI GUSS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RICHMOND, a municipal corporation; ALEXANDER CAINE, individually and in his official capacity as police officer for the Richmond Police Department; NICHOLAS REMICK, individually and in his official capacity as police officer for the Richmond Police Department; and DOES 1-25, inclusive, individually, jointly, and severally,<br><br>Defendants. | Case No.  25-cv-00296-AGT<br><br>**DEFENDANTS CITY OF RICHMOND AND OFFICER NICHOLAS REMICK'S ANSWER TO PLAINTIFF KWESI GUSS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

COMES NOW, Defendants CITY OF RICHMOND and OFFICER NICHOLAS REMICK ("Defendants"), and answer Plaintiff KWESI GUSS' ("Plaintiff') First Amended Complaint ("Complaint"), as follows:

## INTRODUCTION

1. Answering this paragraph, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

2. Answering this paragraph, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

## JURISDICTION AND VENUS

3. Answering this paragraph, Defendants admit that this Court has subject matter jurisdiction over actions brought for violations of 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331 and § 1343. Except as expressly admitted, the allegations consist of legal contentions or conclusions of law to which no answer is required. To the extent a response is deemed necessary, Defendants deny the allegations and expressly deny any wrongdoing.

4. Answering this paragraph, Defendants admit that venue is proper in this Court.

## PARTIES

5. Answering this paragraph, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

6. Answering this paragraph, Defendants admit that Alexander Caine was a police officer for the City of Richmond at all relevant times. As to the remaining allegations therein, Defendants deny the allegations.

7. Answering this paragraph, Defendants admit that Nicholas Remick was a police officer for the City of Richmond at all relevant times. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

8. Answering this paragraph, Defendants admit that the City of Richmond is a public entity and that the Richmond Police Department is a Department within the City. As to the remaining

allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

9. Answering this paragraph, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

## ADMINISTRATIVE PREREQUISITES

10. Answering this paragraph, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

## GENERAL ALLEGATIONS

11. Answering this paragraph, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

12. Answering this paragraph, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

13. Answering this paragraph, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

14. Answering this paragraph, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

15. Answering this paragraph, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

16. Answering this paragraph, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

## DAMAGES

17. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

18. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

///

**FIRST CAUSE OF ACTION**

**(Violation of the Fourth Amendment of the United States Constitution – Unlawful Seizure)**

**(42 U.S.C. § 1983)**

**(Against Defendants Caine, Remick, and DOES 1-25)**

19. Answering this paragraph, which incorporates by reference the allegations of the previous paragraphs of the pleading, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

20. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

**SECOND CAUSE OF ACTION**

**(Violation of the Fourth Amendment of the United States Constitution – Excessive Force)**

**(42 U.S.C. § 1983)**

**(Against Defendants Caine, Remick, and DOES 1-25)**

21. Answering this paragraph, which incorporates by reference the allegations of the previous paragraphs of the pleading, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

22. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

23. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

///

///

///

///

///

### THIRD CAUSE OF ACTION

**(Violation of the First Amendment of the United States Constitution – Questioning Police Action)**

**(42 U.S.C. § 1983)**

**(Against Defendants Caine and DOES 1-25)**

24. Answering this paragraph, which incorporates by reference the allegations of the previous paragraphs of the pleading, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

25. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

26. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

27. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

### FOURTH CAUSE OF ACTION

**(42 U.S.C. Section 1983)**

**(Violation of the Fourth Amendment of the United States Constitution-Denial of Medical Care)**

**(Against Defendants Caine, Remick, and DOES 1-25)**

28. Answering this paragraph, which incorporates by reference the allegations of the previous paragraphs of the pleading, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

29. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

30. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

31. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

32. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

33. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

**FIFTH CAUSE OF ACTION**

**(Violation of Bane Act CALIFORNIA CIVIL CODE §52.1)**

**(Against Defendants City, Caine, Remick, and DOES 1-25)**

34. Answering this paragraph, which incorporates by reference the allegations of the previous paragraphs of the pleading, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

35. Answering this paragraph, no response is necessary as it contains a statement of law and does not assert any material allegations against Defendants. To the extent a response could be required, Defendants deny the allegations therein and expressly deny any wrongdoing.

**SIXTH CAUSE OF ACTION**

**(Negligence)**

**(Against Defendants City, Caine, Remick, and DOES 1-25)**

36. Answering this paragraph, which incorporates by reference the allegations of the previous paragraphs of the pleading, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

///

37. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

### SEVENTH CAUSE OF ACTION

**(Assault)**

**(Against Defendants City, Caine, Remick, and DOES 1-25)**

38. Answering this paragraph, which incorporates by reference the allegations of the previous paragraphs of the pleading, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

39. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

### EIGHTH CAUSE OF ACTION

**(Battery)**

**(Against Defendants City, Caine, Remick, and DOES 1-25)**

40. Answering this paragraph, which incorporates by reference the allegations of the previous paragraphs of the pleading, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

41. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

### NINTH CAUSE OF ACTION

**(False Imprisonment)**

**(Against Defendants City, Caine, Remick, and DOES 1-25)**

42. Answering this paragraph, which incorporates by reference the allegations of the previous paragraphs of the pleading, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

///

43. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

44. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

45. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

46. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

47. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

**TENTH CAUSE OF ACTION**

**(Violation of California Constitution Article 1 § 2)**

**(Against Defendants City, Caine, and DOES 1-25)**

48. Answering this paragraph, which incorporates by reference the allegations of the previous paragraphs of the pleading, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

49. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

50. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

///

51. Answering this paragraph, Defendants expressly deny any wrongdoing. As to the remaining allegations therein, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

### [Plaintiff's] JURY DEMAND

Answering this paragraph, no response is necessary as it does not assert any material allegations against Defendants. Defendants further demand a jury trial in this action.

### [Plaintiff's] PRAYER

In answering Plaintiff's Prayer, Defendants deny Plaintiff is entitled to any relief, damages, costs, or attorneys' fees.

### AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, Defendants allege each of the following:

### FIRST AFFIRMATIVE DEFENSE

As to the federal claims and theories of recovery, these answering Defendants are protected from liability under the doctrine of qualified immunity because Defendants' conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

### SECOND AFFIRMATIVE DEFENSE

The damages alleged were directly and proximately caused and contributed to by the negligence of the Plaintiff, and the extent of damages sustained, if any, should be reduced in proportion to the amount of said negligence.

### THIRD AFFIRMATIVE DEFENSE

The damages alleged were directly and proximately caused and contributed to by the negligence of the Plaintiff, and the extent of damages sustained, if any, should be reduced in proportion to the amount of said negligence.

### FOURTH AFFIRMATIVE DEFENSE

Defendants, as a public entity and its employees, cannot be subjected to any punitive damages, trebling of damages or statutory penalties.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

If it is found that any Defendant is legally responsible for the damages, if any, which Defendants specifically deny, then such damages were proximately caused by or contributed to by Plaintiff or others, whether served or not, and it is necessary that the proportionate degree of fault of every such person be determined and prorated by the trier of fact, and that any judgment which might be rendered against any Defendant be reduced by that percentage of fault allocated to others.

**SEVENTH AFFIRMATIVE DEFENSE**

Neither the operative Complaint on file in this action, nor any of the alleged causes of action therein, state facts sufficient to constitute a cause of action on which relief can be granted against Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to join all indispensable parties.

**NINTH AFFIRMATIVE DEFENSE**

Defendants cannot be held vicariously liable for any conduct undertaken by other Defendants.

**TENTH AFFIRMATIVE DEFENSE**

No municipal policy, pattern, or practice caused any deprivation of Plaintiff's federal civil rights, and thus under the doctrine of law announced in *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), and other applicable statutory and judicial authorities, Plaintiff is not entitled to judgment against these answering Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any state claims are barred for Plaintiff's failure to comply with the provisions of the California Tort Claims Act, Government Code section 910, *et seq*.

**TWELFTH AFFIRMATIVE DEFENSE**

Any alleged acts or omissions by Defendants and or their agents, officers and/or employees were superseded by the negligence or causative fault of Plaintiff or others, whether sued herein or not, whose negligence or causative fault intervened and was the sole cause of any detriment to Plaintiff.

///

///

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to the provisions of each of the following California statutes, each of which is set forth as a separate and distinct affirmative defense: Government Code sections 815.2, 815.6, 818, 818.8, 820.2, 820.25, 820.4, 820.6, 820.8, 822.2, 845.6, 845.8, 846, 850.8, 855.6, 856.4, 29631, and 29632; Penal Code section 847.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Penal Code sections 834, 834a, 835, 835a, 836, 836.5, and 840 relating to the incident complained of by Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from the imposition of punitive damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a legal or factual basis to support a prayer for punitive damages against these answering Defendants and there is no statutory or other basis for the attorneys' fees sought by Plaintiff.

### DEMAND FOR JURY TRIAL

Defendants hereby demand and request a trial by jury in this matter.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by this action;
2. That the action be dismissed;
3. That Defendants be awarded costs of suit;
4. That Defendants be awarded other and further relief as the Court may deem just and proper, including an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

Dated: April 4, 2025

Respectfully submitted,

**ORBACH HUFF & HENDERSON LLP**

By: */s/ Kevin E. Gilbert*
Kevin E. Gilbert
Carolyn M. Aguilar
Attorneys for Defendants
CITY OF RICHMOND and OFFICER NICHOLAS REMICK